

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 2, 1949

Hon. J. G. Knight
County Attorney
Bee County
Beeville, Texas

Opinion No. V-765

Re: The legality of employment by a county commissioner of a son of his stepmother by another marriage, under the Nepotism Statute.

Dear Sir:

You request an opinion upon the above subject matter as follows:

> Mr. Gilbert Harris, Commissioner of Precinct No. 1, in Bee County, Texas, is desirous of employing as an employee of his Precinct a son of his stepmother by another marriage, and he has requested that I obtain a ruling from your office as to whether such employment is prohibited or not."

The Nepotism Statute (P. C. Art. 432) forbids the Commissioner to employ one who is related to him by consanguinity or blood within the third degree, or by affinity within the second degree.

Under your statement the Commissioner is not related by blood to his stepbrother. Further, under the statement made by you we have no means of determining whether he has any affinitive kinship whatsoever.

By the rule of affinity relations, the Commissioner, if he is a married man, is related to his wife's blood relatives within the second degree. Specifically, in such case he would be related to his stepbrother, the proposed appointee, by affinity only in the event his wife is related by blood within the second degree to his stepbrother; that is to say, where she is the sister, first cousin, niece, or aunt of his stepbrother.

If the Commissioner is not a married man he of course has no kin by affinity, and nothing in the Nepotism Statute forbids the appointment of his stepbrother.

## SUMMARY

A county commissioner is not related by
consanguinity to the son of his stepmother by a
former marriage, nor can he be related by affin-
ity if he is unmarried.  (P. C. Art. 432).

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Ocie Speer
Assistant

OS:wb

APPROVED:

Fagan Dickson
FIRST ASSISTANT
ATTORNEY GENERAL